**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Antonio Jones

    v.                                     Case No. 15-cv-83-PB

Esker L. Tatum, Jr.

## REPORT AND RECOMMENDATION

Antonio Jones is currently incarcerated in the Federal Correctional Institution in Berlin, New Hampshire, serving a 151-month sentence for sex trafficking imposed by the U.S. District Court for the Eastern District of New York.  He petitions this court for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 & 2255(e).  Before this magistrate judge for a report and recommendation is respondent's motion to dismiss, which is unopposed.  For the reasons that follow, respondent's motion to dismiss should be granted.

## Background

Under a plea agreement, Jones was convicted of violating 18 U.S.C. §§ 1591(a)(1) and (2).  Those statutes, in turn, make it a crime to: (1) engage in the sex trafficking of children by force, fraud, or coercion; or (2) benefit from participating in

such activity.  Jones's plea agreement includes the following

provision:

> The defendant agrees not to file an appeal or
> otherwise challenge, by petition pursuant to 28 U.S.C.
> § 2255 or any other provision, the conviction or
> sentence in the event that the Court imposes a term of
> imprisonment of 168 months or below.  This waiver is
> binding without regard to the sentencing analysis used
> by the court.

Pet. (Doc. No. 1 at 15, 20).  The district court sentenced Jones

to 151 months of incarceration.

Jones does not indicate whether he has either: (1) appealed

his conviction or sentence; or (2) petitioned for relief under §

2255.  In any event, he contends that his § 2241 petition in

this court is permitted by the so-called savings clause

contained in § 2255(e).  In his petition, Jones raises six

grounds for relief.  They include: purported errors in

calculating his offense level under the federal sentencing

guidelines (grounds one and three),[1] claims that he was denied

---

[1] In ground one, Jones argues that the district court
imposed a two-level increase in his offense level based upon the
use of a computer to communicate with the victim, even though
there was no evidence that he used a computer to communicate
with her.  In ground three, he argues that the district court
imposed a two-level increase in his offense level based upon the
exercise of undue influence over the victim, even though the
victim was already an admitted prostitute before he engaged in
conduct with her that violated the sex-trafficking statute.  In
petitioner's view, the fact that the victim was already a
prostitute means that she did not need his influence, undue or
otherwise, to engage in commercial sex acts.

the effective assistance of counsel due to his attorney's
failure to object to the district court's purported errors in
applying the sentencing guidelines (grounds two and four), and
claims that he was denied the effective assistance of counsel
because his attorney advised him to accept a plea agreement that
was based upon a purportedly erroneous guideline calculation
(ground five) and that included a collateral-attack waiver
(grounds five and six).[2]

## **Relevant Law**

The statutory provision on which Jones relies for his cause
of action provides:

> An application for a writ of habeas corpus in
> behalf of a prisoner who is authorized to apply for

---

[2] There appears to be some overlap between grounds five and
six.  In ground five, Jones contends:

> In this case, defense counsel was deficient in
> advising Affiant to accept a plea offer which (a)
> foreclosed all avenues available to a federal inmate
> for correcting any type of potential, unforeseen
> errors committed by any party; (b) contained
> sentencing enhancements which were inapplicable to
> Affiant; (c) where those errors prejudiced Affiant by
> increasing Affiant's exposure to punishment; and (d)
> precluded Affiant from obtaining relief [under] 28
> U.S.C. § 2255 or any other provision.

Pet. (Doc. No. 1 at 16).  In ground six, he asserts: "Affiant
was also denied his Sixth Amendment right to effective counsel
when counsel presented Affiant with and advised Affiant to
accept a plea agreement which contained a 'collateral attack
waiver' under an inherent 'conflict of interest.'"  Id. at 20.

> relief by motion pursuant to this section shall not be
> entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court
> which sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255(e).  While the First Circuit has not had many

opportunities to develop its savings-clause jurisprudence, see

Prieto v. FCI Berlin, No. 14-cv-00514-JL, 2015 WL 6690132, at *2

(D.N.H. Nov. 2, 2015), the Fourth Circuit has recently

explained:

> [A] prisoner "may file a habeas petition under § 2241
> only if the collateral relief typically available
> under § 2255 'is inadequate or ineffective to test the
> legality of his detention.'" Prousalis v. Moore, 751
> F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. §
> 2255(e)).  If a federal prisoner brings a § 2241
> petition that does not fall within the scope of this
> "savings clause," then the district court must dismiss
> the "unauthorized habeas motion . . . for lack of
> jurisdiction," Rice v. Rivera, 617 F.3d 802, 807 (4th
> Cir. 2010).

United States v. Surratt, 797 F.3d 240, 247 (4th Cir. 2015),

reh'g en banc granted (Dec. 2, 2015).

    As for the circumstances under which the relief typically

available under § 2255 may be inadequate or ineffective, the

Surratt court continued:

> We decided to award relief [in In re Jones, 226 F.3d
> 328, 329 (4th Cir. 2000)], deeming § 2255 "inadequate
> or ineffective to test the legality of a conviction"
> when:

> (1) at the time of conviction, settled law of
> this circuit or the Supreme Court established the
> legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion,
> the substantive law changed such that the conduct
> of which the prisoner was convicted is deemed not
> to be criminal; and (3) the prisoner cannot
> satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional
> law.

Jones, 226 F.3d at 333–34.

797 F.3d at 247.  The court then went on to note that it, along

with six other circuits "give substantial attention to the

actual innocence aspect of Jones when discussing it."  Id.

(citations omitted); see also Sustache-Rivera v. United States,

221 F.3d 8, 16 (1st Cir. 2000) (noting that § 2255(e) "has most

often been used as a vehicle to present an argument that, under

a Supreme Court decision overruling the circuit courts as to the

meaning of a statute, a prisoner is not guilty within the new

meaning attributed to the statute") (citations omitted).


## Discussion

Respondent argues that this court lacks jurisdiction over

Jones's petition because Jones is not entitled to the benefit of

the § 2255(e) savings clause.  As noted, petitioner has not

objected to respondent's motion to dismiss.  More importantly,

nowhere in his petition does Jones identify any change in the

substantive law that decriminalized the conduct for which he was

5

convicted.  He raises other issues, but none that would entitle him to the benefit of the § 2255(e) savings clause.  That, in turn, entitles respondent to dismissal of Jones's petition, for lack of jurisdiction.

## Conclusion

For the reasons detailed above, respondent's motion to dismiss, doc. no. 12, should be granted.

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_Andrea K. Johnstone_

Andrea K. Johnstone
United States Magistrate Judge

December 10, 2015

cc:  Antonio Jones, pro se
     Seth Aframe, Esq.